# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SEBASTIAN COLULA-MORALES, <br><br> Defendant. | Case No. 18-mj-03285-WVG-BAS-1 <br><br> **ORDER AFFIRMING THE MAGISTRATE JUDGE'S CONVICTION AND SENTENCE** <br><br> **[ECF No. 15]** |

## I. INTRODUCTION

On April 4, 2018, Defendant Sebastian Colula-Morales was found guilty of illegal entry in the Southern District of Texas and sentenced to forty days in custody. Judgment & Commitment Order, *United States v. Colula-Morales*, No. 7:18-po-02575-1 (S.D. Tex. Filed April 4, 2018), ECF No. 3. On June 12, 2018, he was arrested in the Southern District of California and charged again with illegal entry. (ECF No. 1.) On June 19, 2018, he pleaded guilty and was immediately sentenced to fifty days in custody. (ECF No. 12; *see also* Plea and Sentencing Transcript ("Transcript"), ECF No. 18.)

During the guilty plea, the prosecutor told the sentencing judge there was a plea agreement to recommend a time served sentence. (Transcript 5:21-23.) The sentencing judge cautioned Mr. Colula that he would not be allowed to withdraw his guilty plea even if the sentencing judge did not follow the government's sentencing recommendation, to which Mr. Colula responded that he understood. (*Id.* 10:14-22.)

After accepting Mr. Colula's plea of guilty, the sentencing judge immediately proceeded to sentencing, informing counsel that he was not prepared to follow the recommendation entered into between the parties for a time served sentence. (Transcript 12:6-8.) When the sentencing judge asked the prosecutor if he had anything to add, the prosecutor responded in the negative. (*Id.* 12:9-11.) Defense counsel, however, argued that Mr. Colula should not be treated differently than the other individuals who had just been sentenced to time served for the following reasons: Mr. Colula had only one prior illegal entry conviction, he was coming to the United States to support his wife and daughter; he had another child on the way, and he just intended to stay for a year to earn enough money to support his family. (*Id.* 12:25-13:2, 13:8-16, 13:23-25.) Mr. Colula was given the opportunity to allocute, but he declined to say anything. (*Id.* 14:5-6.)

The sentencing judge rejected defense counsel's arguments. He explained that Mr. Colula had been deported just a month ago, had five deportations, and was previously sentenced to forty days for illegal entry. (Transcript 14:8-13.) In light of these factors, the sentencing judge reasoned: "I think a 50-day sentence is an adequate and fair sentence for you, given your history, criminal history and deportation history." (*Id.* 14:14-16.) The sentencing judge imposed no fine or special assessment. (*Id.* 14:17-18.) Despite an opportunity to object, defense counsel did not do so at the time. (*Id.* 15:1-2.) This appeal ensued. (ECF No. 15.)

//

//

//

## II. STANDARD OF REVIEW

The appeal is timely, and this Court has jurisdiction. *See* Fed. R. App. P. 58(g)(2)(B); 18 U.S.C. § 3402.

Defense counsel argues first that the government breached its plea agreement at the time of sentencing. "A defendant's claim that the government breached its plea agreement is generally reviewed de novo." *United States v. Whitney,* 673 F.3d 965, 970 (9th Cir. 2012). However, "[w]hen a defendant forfeits his claim by failing to make a timely objection, [the court] must review that claim for plain error." *Id.*

Defense counsel argues next that Mr. Colula's sentence was improper. On appeal the court reviews a sentence for reasonableness, which involves both procedural and substantive dimensions. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (providing the reviewing court must "first consider whether the [sentencing] court committed significant procedural error, then . . . consider the substantive reasonableness of the sentence").

Defense counsel claims the sentencing court committed procedural error first when it used the wrong standard in sentencing Mr. Colula and next when it failed to respond to defense counsel's non-frivolous arguments for a lesser sentence. Again, since defense counsel failed to object to these alleged procedural errors at sentencing, the record must be reviewed for plain error. *See United States v. Sylvester Norman Knows His Gun III*, 438 F.3d 913, 918 (9th Cir. 2006); *see also In re Perez*, 30 F.3d 1209, 1213 (9th Cir. 1994) ("The principal reason we require parties to raise an issue in the trial court is to give that court an opportunity to resolve the matter and, hopefully, avoid error. Also, when matters are first raised in the trial court, it's possible to develop the record as needed to present the issue properly on appeal.").

Defense counsel finally asserts that Mr. Colula's sentence was substantively unreasonable. The substantive reasonableness of a sentence is reviewed for an abuse of discretion. *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008). "The weight to be given the various factors in a particular case is for the discretion of the

[sentencing] court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). In determining whether a judge's sentence is reasonable, the court must assess whether "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (quotations omitted). "[S]ignificant deference" is owed to the sentencing judge—unreasonable sentences are rare. *Id.* at 1086-87. The sentencing judge's sentence is not substantively unreasonable simply because the reviewing court would have sentenced the defendant differently. *Id.* at 1086. Rather, the reviewing court may reverse only if it has "a definite and firm conviction that the [sentencing] court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *Id.* at 1087.

### III. ANALYSIS

#### A. Alleged Breach of Plea Agreement

"The government breaches its agreement with the defendant if it promises to recommend a particular disposition of the case, and then either fails to recommend that disposition or recommends a different one." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). A defendant is entitled to a "united front" between the prosecution and the defense, and that is his benefit of the bargain. *Id.* "However, unless specifically required in the agreement, the government need not make the agreed-upon recommendation enthusiastically." *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999).

In this case, the prosecutor informed the sentencing judge that the government had reached an agreement with the defense to recommend a time served sentence. (Transcript 5:21-23.) The sentencing judge indicated his understanding of that agreement when he informed the parties that he was not inclined to follow the joint recommendation for time served. (*Id.* 12:6-8.) Defense counsel's argument appears to be that once the sentencing judge indicated his tentative conclusion was to not

follow the plea agreement, the prosecutor should have tried to argue him out of it. However, the sentencing judge was clear that the prosecutor was recommending a time served sentence. Thus, the government had joined the defense in this case in forming a united front and recommending time served, but that was rejected by the sentencing judge. *See Heredia*, 768 F.3d at 1231.

The cases cited by defense counsel are inapposite. They involve circumstances where the government implicitly argued for more time by introducing evidence that served no purpose but to influence the judge to give a higher sentence. *See, e.g.*, *United States v. Whitney*, 673 F.3d 965, 969-70 (9th Cir. 2012); *Heredia*, 768 F.3d at 1232 (government's repeated and inflammatory references to defendant's criminal history in its sentencing memorandum); *Johnson*, 187 F.3d at 1135-36 (reading victim impact statement from another unrelated event). No such conduct occurred in this case. The prosecutor made it clear the government was recommending a time served sentence and then said nothing further. The fact that the sentencing judge chose to sentence Mr. Colula to a higher amount is a possibility of which Mr. Colula was aware of when he pled guilty. (Transcript 10:15-17.)

There was no plain error. Even under a de novo review, there was no breach of the plea agreement in this case.

**B.     Improper Sentence**

      **1.     Procedural Errors**

Defense counsel argues that the sentencing judge committed procedural errors by failing to (i) apply the "sufficient but not greater than necessary" standard and (ii) respond to non-frivolous arguments for a lesser sentence.

           **i.     Application of Incorrect Standard**

In imposing sentence, the sentencing court must be guided by the "parsimony principle," which is that the sentence must be "sufficient, but not greater than necessary," to satisfy the policies outlined in 18 U.S.C. § 3553(a). The reviewing court assumes that sentencing courts "know the law and understand their obligation

to consider all of the § 3553(a) factors, not just the Guidelines." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). "[E]ven where a judge never mentions '§ 3553(a),' it may be clear from the court's experience and consideration of the record that the factors were properly taken into account." *Id.* (citing *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).

Defense counsel tethers his argument to the sentencing judge's ultimate articulation that "I think a 50-day sentence is an adequate and fair sentence for you, given your history, criminal history and deportation history." (Transcript 14:14-6.) Defense counsel argues this statement shows that the sentencing judge failed to employ the parsimony principle and instead imposed an appellate "adequate and fair" principle. Although the sentencing judge's language could give rise to confusion, and specific reference to § 3553(a) in ultimately imposing a sentence would be helpful on appellate review, this Court is satisfied that the sentencing judge adhered to the parsimony principle.[1]

First, immediately preceding Mr. Colula's sentencing, the sentencing judge had sentenced other defendants charged with the same offense to a time served

---

[1] Defense counsel also argues that the sentencing judge's use of the incorrect standard is "shown in part by the fact that, in taking the guilty plea, the magistrate failed to inform Mr. Colula that the court would apply the statutory sentencing factors to impose sentence as required by Fed. R. Crim. P. 11(b)(1)(M)." (ECF No. 20, 18:21-25.) Although defense counsel does not appear to be claiming a Rule 11 violation, the Court briefly addresses this allegation. Rule 11 does require that, before taking a guilty plea, the court "must inform the defendant of, and determine that the defendant understands" that "in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 11(b)(1)(M). However, in this case, the Sentencing Guidelines were inapplicable to Mr. Colula's sentence. *See* U.S.S.G. § 1B1.9. Further, the sentencing judge appropriately notified Mr. Colula that he was facing a maximum of six months in custody and that the sentencing judge may not follow the joint recommendation for a time served sentence. Taking the Rule 11 colloquy as a whole, the Court finds reversing Mr. Colula's sentence on this basis would not be warranted. *See United States v. Myers*, 804 F.3d 1246, 1256 (9th Cir. 2015) (providing for plain error review when the alleged Rule 11 violation is not raised before the trial court); *see also United States v. Chavez-Cuevas*, 862 F.3d 729, 733-34 (9th Cir. 2017) (noting relief is not appropriate under the plain error standard unless, among other things, the error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings").

sentence. Both the prosecutor and defense counsel recommended that he do the same in this case. The sentencing judge rejected that recommendation and explained that, because Mr. Colula had been deported just a month ago, had five deportations, and had previously been sentenced to forty days in custody for the same offense, he did not find that a time served sentence was appropriate in this case. (Transcript 12:6-8, 14:11-16.) Considering the circumstances as a whole, the Court finds the sentencing judge considered the lesser recommended sentence of time served, but found it was not sufficient given Mr. Colula's prior record. *See United States v. Martinez-Barragan*, 545 F.3d 894, 904 (10th Cir. 2008) (reasoning the "district court's one ambiguous statement relating to reasonableness is not enough for us to conclude that the district court misunderstood its obligation to impose the least severe sentence"); *United States v. Ministro-Tapia*, 470 F.3d 137, 141 (2nd Cir. 2006) ("[W]here, as in this case, the defendant never argued the parsimony clause in the district court, we do not assume from the court's failure specifically to reference that clause that the court has ignored its mandate to the contrary; absent record proof showing otherwise, we assume the district court's awareness of and compliance with this sentencing obligation."). Hence, there was no plain error.

### ii. Failure to Respond to Defense Counsel's Arguments

Under § 3553(a), the court considers:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[2]

18 U.S.C. § 3553(a). A sentencing court is thus "required to 'consider' the § 3553(a) factors . . . in the . . . imposition of a sentence" and to provide a sufficient explanation "to permit meaningful appellate review." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). However, "there is no mechanical requirement that a sentencing court discuss every factor." *Id.* "The [sentencing] court need not tick off each of the § 3553(a) factors to show that it has considered them." *Carty*, 520 F.3d at 992. That said, "when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *Id.* at 992-93. "What constitutes a sufficient explanation will necessarily vary depending upon the complexity of the particular case, whether the sentence chosen is inside or outside the Guidelines, and the strength and seriousness of the proffered reasons for imposing a sentence that differs from the Guidelines range." *Id.* at 992.

At sentencing, defense counsel argued Mr. Colula had only one prior illegal entry conviction, was coming to the United States to support his wife and daughter, had another child on the way, and just intended to stay for a year to earn enough money to support his family. (Transcript 12:25-13:2, 13:8-16, 13:23-25.) On appeal,

---

[2] As indicated above, the Sentencing Guidelines do not apply in this particular case because Mr. Colula was charged with a Class B misdemeanor. *See* U.S.S.G. § 1B1.9.

defense counsel claims that these were specific, nonfrivolous arguments and that they should have been addressed on the record.

First, this was not a complex case. The Sentencing Guidelines were inapplicable to the case, since the only possible sentence was between zero and six months in custody. Second, the arguments made by counsel were those that apply to almost all economic migrants entering the United States illegally: they have loved ones they need to support, and they have come to the United States out of economic necessity. Therefore, it is not surprising that the sentencing judge did not specifically reference these arguments when ultimately sentencing Mr. Colula. Instead, the sentencing judge focused on defense counsel's first argument that Mr. Colula had only one prior illegal entry conviction. In response, the sentencing judge pointed out that Mr. Colula had been sentenced to forty days for that last offense, and, thus, an additional ten days for this offense seemed warranted. Additionally, the sentencing judge pointed out that Mr. Colula had been deported from the United States recently and had five prior deportations. Hence, the sentencing judge addressed "the history and characteristics of the defendant" and "the need for the sentence imposed," which were two key § 3553(a) factors at issue in this case. *See* 18 U.S.C. § 3553(a).

The Court finds the sentencing judge's articulation of the reasons for the sentence were reasonable and sufficient given the overall circumstances of the offense. Again, there was no plain error.

### 2. Substantive Reasonableness

Defense counsel argues that, considering the procedural irregularities discussed above, Mr. Colula's "resulting sentence was excessive and out of proportion to the circumstances." (ECF No. 21 at 23:14.) This Court disagrees.

As noted above, "significant deference" is owed to the sentencing judge—unreasonable sentences are rare. *Ressem*, 679 F.3d at 1086-87. The sentencing judge's sentence is not substantively unreasonable simply because the reviewing court would have sentenced the defendant differently. *Id*. at 1086. Rather, the

reviewing court may reverse only if it has "a definite and firm conviction that the [sentencing] court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *Id*. at 1087.

In this case, the sentencing judge weighed the fact that the previous forty day sentence was insufficient to deter Mr. Colula from immediately returning illegally to the United States. Therefore, to promote respect for the law, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant, the sentencing judge added an additional ten days to this sentence for a total of fifty days in custody, apparently hoping that the higher sentence would lead Mr. Colula to respect the laws of the United States in the future and not return again illegally. This Court cannot find that sentence was a clear error of judgment or unreasonable in light of the facts of this case.

### IV. CONCLUSION

The sentence imposed was both procedurally and substantively reasonable. The government did not breach its plea agreement to recommend a time served sentence. Hence, both the conviction and the sentence are **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: September 4, 2018**

Hon. Cynthia Bashant
United States District Judge